UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RONNIE RUTHERFORD, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-401-HAB-SLC |
| DR. GALPRIN, | |
| Defendant. | |

OPINION AND ORDER

Ronnie Rutherford, a prisoner without a lawyer, filed a complaint alleging he is not receiving constitutionally adequate medical care at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rutherford is a federal pre-trial detainee. *See United States v. Rutherford*, 1:21-cr-51 (N.D. Ind. filed July 28, 2021). He alleges he is recovering from a severe case of COVID-19 and suffers from gout, kidney failure, severely damaged lungs, prediahcetics,[1] brain

---

[1] The court cannot identify a medical condition called *prediahcetics*, but that is what was written in the complaint.

bleeding, heart damage, nerve damage, and memory loss. He alleges "Quality Assurance Medical provider sees me, but refuses medicines and treatment." ECF 1 at 2. He alleges even though Dr. Galprin has examined him and knows about his need for medical treatment, he will not provide medicine, the water necessary to operate a CPAP machine, or any other treatment. "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.* Based on the alleged seriousness of the medical conditions and the alleged total lack of treatment being provided, the complaint states a claim against Dr. Galprin.

Rutherford also alleges he has contacted Sheriff Gladieux and Correctional Officer Casey about his medical problems, but "non-medical professionals [are] not deliberately indifferent for failing to respond to inmate's complaints when prisoner is ostensibly under care of medical experts." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (parenthesis omitted). Because the complaint acknowledges he is being seen by medical professionals, it does not plausibly allege Sheriff Gladieux or Officer Casey are

2

deliberately indifferent for not second guessing whether Dr. Galprin is providing constitutionally adequate medical treatment.

Finally, the complaint alleges Officer Peterson twice "brought my CPAP machine to me along with a gallon of toxic cleaning chemicals . . .." ECF 1 at 6. Rutherford does not allege he was harmed merely by receipt of these materials even though it was clearly not what he wanted. He does not allege Officer Peterson decided what to bring him or was knowingly trying to injure him. The mere allegation that Officer Peterson brought these items to Rutherford is insufficient to state a claim against Officer Peterson.

For these reasons, the court:

(1) GRANTS Ronnie Rutherford leave to proceed against Dr. Galprin in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his gout, kidney failure, severely damaged lungs, prediahcetics, brain bleeding, heart damage, nerve damage, and memory loss in violation of the Fourteenth Amendment;

(2) GRANTS Ronnie Rutherford leave to proceed against Dr. Galprin in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment for his gout, kidney failure, severely damaged lungs, prediahcetics, brain bleeding, heart damage, nerve damage, and memory loss as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES David Gladieux, Y. Casey, and Peterson;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galprin at Allen County Jail with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Allen County Sheriff and Quality Assurance Medical to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Galprin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 1, 2021.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT